CASE 20—APPEAL TO CIRCUIT COURT—MARCH 4.

## Shake v. Frazier.

APPEAL FROM UNION CIRCUIT COURT.

EMINENT DOMAIN—OPENING OF PRIVATE PASSWAY.—Section 1 of arti-
cle 2, chapter 94, General Statutes, is unconstitutional in so far as it
authorizes the opening of a private passway for the mere purpose of
enabling a citizen to pass from a tract of land upon which he resides
to another tract owned by him, upon which no one resides, the open-
ing of such a passway not being necessary to enable him to attend to
his public duties.    Nor is the citizen entitled to such a passway by

94   143
d119  808

94   143
e126   667

reason of the fact that it is necessary to afford him an outlet to market or to his county-seat from the tract upon which he does not reside, he having such an outlet from the tract upon which he does reside.

WM. LINDSAY for appellant.

The Legislature has no power to authorize the private property of one person to be taken for the use of another private person with or without compensation. (Robinson v. Swope, 12 Bush, 21; Mills on Eminent Domain, sec. 22; Cooley on Const. Limit., sec. 531.)

SAM C. HUGHES of counsel on same side.

D. W. LINDSEY, H. D. ALLEN for appellee.

A land-owner has the right to an outlet from his land, although he may not reside upon it; and the Legislature may, in the exercise of eminent domain, authorize the establishment of a passway over the land of another in order to provide such an outlet. (Robinson v. Swope, 12 Bush, 21.)

JUDGE PRYOR delivered the opinion of the court.

The property of the citizen may be taken by the sovereign power for a public use upon compensation being first made, and this is called *eminent* domain; but the taking of the private property of one for the private use of another, however necessary it may be for the use and enjoyment of the person to whom the right of property is transferred, has invariably been held unconstitutional. Statutes authorizing the creation of private passways over one's land for the benefit of another have been sustained, for the reason the public is directly interested in their establishment to enable the citizen to discharge the duties he owes the State. When summoned as a witness or juror he is entitled to a way out from his premises that he may obey the demands of the public upon him; and also as said in Robinson v. Swope, 12 Bush, 21, the public has an interest in his

Shake v. Frazier.

attendance at elections, "places of public worship, and that he shall be provided a way to market that he may buy and sell, so as to provide himself with those things without which he could not discharge his civil and social duties." The statute of this State in regard to passways provides, among other things, that a passway may be established to enable the applicant to pass from *one tract of land to another owned by him*, and this part of the statute was held, in the case cited, to be unconstitutional, for the reason that it was taking the private property of one for the mere convenience of another. The appellee is attempting to avoid the effect of that decision by showing that the outlet is necessary to enable him to get to his county seat, or to his mill, or to some other public place, when it appears there is no one living on this tract of land, and no reason for taking appellant's property and giving it to the use of the appellee, except as a matter of great convenience to the latter.

The appellee is living on another tract of land where there is every facility afforded him for going to his county seat and other public places in the discharge of either his public or private duties. Besides, he has a passway equally as convenient, under, it is true, a mere permissive use, enabling him to go to and from this tract, and if he is permitted to show that he wants an outlet from this separate tract to get to his mill or county seat, when there is neither dwelling or tenant upon it, then no case could well arise where the right to make his neighbor's land subservient to his own use could be withheld. Mr.

Vol. 94—10.

Mills, in his work on Eminent Domain, says: "The use to which property is condemned must be public. As between individuals, no necessity, however great, no emergency, however imminent, no improvement, however valuable, no refusal, however unneighborly, no obstinacy, however unreasonable, no offer of compensation, however extravagant, can compel or require a man to part with one inch of his estate." (Section 22.)

The Legislature is without power to take appellant's land for the use of the appellee. No one resides on the tract from which the proposed passway is to run, and therefore the public has no interest in the convenience it will afford the appellee in hauling his produce or in reaching this land from the tract upon which he resides. Courts can not be too careful in determining the extent to which private property may be taken for the benefit of another, even when clothed with a public interest; and however great the inconvenience resulting to the applicant in refusing this right, it seems to us it would be a palpable violation of the constitutional rights of the appellant to make his land subserve the use of the appellee, however great the compensation tendered.

Judgment reversed, and remanded with directions to dismiss the proceedings at the cost of the appellee.