Vice, &c. v. Eden.

---

CASE 36—PROCEEDING BY EDEN AGAINT VICE, &C. TO ESTABLISH A PASSWAY.—MAY 7.

## Vice, &c. v. Eden.

APPEAL FROM NICHOLAS CIRCUIT COURT.

JUDGMENT FOR APPLICANT AND DEFENDANTS APPEAL. REVERSED.

ESTABLISHMENT OF PASSWAY—APPEAL—JURY TRIAL NECESSITY OF WAY—OPINIONS OF WITNESSES AS TO NECESSITY—ADMISSIBILITY OF REASONS FOR OPINIONS—PURPOSES FOR WHICH WAY MAY BE USED—COSTS OF APPEAL.

Held:  1.  Upon appeal to the circuit court from the county court in a proceeding to establish a passway, the case must be tried *de novo,* and where the commissioners have reported that a private passway is necessary to the applicant for the purposes referred

to in the statute, exceptions may be filed to the report on the ground that the passway is not necessary, and either party is entitled to a jury trial of this issue of fact; but the verdict of the jury is only advisory, and upon the report, verdict, and other evidence the court must determine whether the passway shall be established.

2. Upon the request of either party the jury may be sent by the court in charge of the sheriff to view the land.

3. It was proper to permit witnesses acquainted with the locality to give their opinions as to the necessity of the passway, but it was error to refuse to allow them to state the facts on which their opinions were based; and while appellants objected to the statement of such facts by appellee's witnesses, yet, as appellee pursued the same policy when appellants' witnesses were on the stand, appellants were not wholly responsible for the error, and so are not estopped to rely thereon.

4 As the opinions of witnesses as to the necessity of the passway are of but little value without a statement of the facts on which those opinions are based, it can not be said, without such statements by the witnesses, that the judgment establishing the passway was proper.

5. The applicant is not entitled to a passway over the lands of the defendants for his mere convenience; but the necessity contemplated by the statute is a practical necessity, and if the applicant's outlet to the highway on his own ground, or the way he now has, does not afford him practical access to the highway, and can not be made to do so at a reasonable expense, then he is entitled to the establishment of the way in contest as a necessity.

6. The purpose of the statute being to secure the applicant access to the public highway, so as to enable him to discharge his duties as a citizen and to be of service to the community, and also to enable the community to get to him the court properly refused to restrict him in the use of the passway to his attendance upon courts, elections, etc.

7. The provisions of Kentucky Statutes, section 4352, that the cost of the whole proceeding shall be paid by the applicant, refers to the cost of the proceeding in the county court; and where an appeal is taken to the circuit court, or from that court to the court of appeals, the cost of the appeal is to be paid by the unsuccessful party, as in other appeals in civil cases.

WINFIELD BUCKLER AND THOMAS OWENS, FOR APPELLANTS.

The appellee who is suing for a private passway over appellants' land, testified in his own behalf that he owns and resides

Vice, &c. v. Eden.

upon a large tract of land and that this land adjoins "The Mt. Zion Turnpike Road" on one side and "The Little Flat County Road" on the other side and hence testified that he already had two outlets.

A trial was had in the county court and appealed to the circuit court and there resulted in a verdict and judgment in favor of appellee, establishing the passway over appellant's land from which judgment this appeal is prosecuted, and a reversal sought for the following reasons:

1. The court erred in permitting appellee's witnesses to give their "opinion" as to the necessity of the passway instead of the facts.

2. The judgment is too broad; its grant of the passway should restrict its use only while appellee was attending courts, elections, church, a mill, a warehouse, ferry or railroad depot, and not grant him its absolute use as it does.

3. Appellee having two passways, and a body of land bordering on two highways, the court should have given the jury peremptory instructions.

4. The court should have permitted appellant's witnesses to describe the two passways already owned by appellee, showing them entirely adequate to attend courts, elections, church, &c., &c.

5. On the trial in the circuit court, the parties having agreed that the question of values and damages to the lands of appellants should remain as fixed in the county court trial, and there being no issue to try except the question "should the passway be established?" it was error in the court to impanel a jury, as the appellants were entitled to the judgment of the court whether the passway should be established over their land.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 4296, 4351, 4348, 4352; Rawlings v. Biggs 85 Ky., 251; Shake v. Frazier, 94 Ky., 145, (14 R., 799); Mills on Em. Domain, sec 22; Cody v. Rider, 8 R., 52; Am. & Eng. Ency. of Law, vol. 19, p. 118 and note to same.

KENNEDY & WILLIAMSON, for appellee.

### POINTS AND AUTHORITIES.

1. The action of the court in impanelling a jury to hear this case was correct. Kentucky Statutes, secs. 4351, 4296, 4303; Barrall v. Quick, 23 R., 421.

2. Even if it had been error to impanel a jury, the error was harmless in this case.

3. Appellants can not complain that witnesses were permitted to give their opinion instead of stating the facts even if the ruling of the court on that question was erroneous, because the ruling of the court excluding the statement of facts by the witnesses was made upon appellants' own motion. Patrick v. Kenton, 23 R., 1408; Cleft v. Stockdom, 4 Litt., 215; Arnold v. Garth, 10 Rep., 320; Ency. or Pl. and Pr., vol 2, p. 516 to 521 and authorities cited.

4. The judgment of the circuit court being no more favorable to appellants than the judgment in the county court, the appellants were properly adjudged to pay the costs. Barrall v. Quick, 23 R., 421.

Opinion of the court by JUDGE HOBSON—Reversing.

Appellee, John P. Eden, instituted this proceeding against appellants, Thomas Vice and Mary F. Baird, to establish a passway from his land over theirs out to a turnpike. The commissioners appointed in the county court reported in favor of the passway, assessing the damages to Vice at $60 and to Mary Baird at $25. They filed exceptions to the commissioners' report, questioning the necessity of the passway, and the amount of the damages allowed. A jury was impaneled to try the exceptions, and they, by their verdict, found just as the commissioners had reported. Judgment was entered establishing the passway, and the defendants appealed. When the case reached the circuit court, by agreement of parties the amounts fixed as damages in the county court were permitted to stand as damages in the circuit court. This left open only the question of the propriety of establishing the passway. Thereupon, on motion of appellee, a jury was impaneled to try that question. They also returned a verdict in favor of the applicant. The court gave judgment on this verdict, establishing the passway, and the defendants again appeal. Appellants complain that the case was submitted to a jury in the circuit court, also that errors were made in the admission and rejection

of evidence; that on appellee's own evidence the court erred in instructing the jury and in refusing to give the jury a peremptory instruction to find for them, and that on the whole case the judgment should have been entered in the circuit court in their favor.

When the report of the commissioners is returned to the county court it must proceed to establish the passway or refuse it, as in the case of a road. Kentucky Statutes sec. 4351. When an appeal is taken from the county court to the circuit court the case must be tried *de novo*. Kentucky Statutes, sec. 4303. The proceedings in the circuit court, therefore, on the appeal are similar to those had in the county court. When exceptions have been filed by either party to the commissioners' report, unless the parties agree that the court may try the case, it must forthwith cause a jury to be impaneled to try the issues of fact made by the exceptions. Kentucky Statutes, sec. 4296. A passway may be established whenever it shall appear to the county court that it is necessary for a citizen to have a private passway over the lands of one or more persons in the county to enable him to attend court, elections, a meeting house, etc. The commissioners are required to report whether or not a private passway is necessary to the applicant for the purposes referred to. Kentucky Statutes, sec. 4348. When they have reported, exception may be filed to the report on the ground that the passway is not necessary, and either party is entitled to a jury trial of this issue of fact under the statute. Whether or not the passway is necessary is a question to be determined from a number of circumstances which a jury are peculiarly qualified to weigh, and upon the request of either party they may be sent by the court in charge of the sheriff to view the land. Still the verdict of the jury is not conclusive upon the court, but only advisory,

and upon the report, verdict, and other evidence, if any, the court must determine whether the passway shall be established. Kentucky Statutes, sec. 4296. We therefore conclude that there was no error in submitting the matter to a jury.

The rulings of the trial judge in the admission and exclusion of evidence were erroneous, but it is said that appellants can not complain of this, as the errors were committed at their instance. The court, over the appellants' objection, allowed the witnesses for appellee to give their opinion as to the necessity of the passway, but on appellants' objection he refused to allow the witnesses to give the reasons for their opinions, or to state the facts on which their opinions were based. The same ruling was made on appellee's objection when appellants came to give their testimony. As the necessity of the passway must be determined from a number of circumstances, it is proper that a witness acquainted with the locality should be allowed to give his opinion as to the necessity of the passway, just as a witness may testify to the value of a horse after he has examined it, or to the sanity or insanity of a person with whom he is acquainted, or as to whether a farm has been cultivated in a husbandman-like manner. But, as has been well said, the opinion of the witness in all such cases is worth but little without the facts on which it is based, and therefore those facts should have been admitted; for on them in the end the result of the case must depend. We are unable to say from the record that appellants are wholly responsible for the error, for appellee pursued the same policy as appellants,, when appellants' witnesses were on the stand. Besides, the facts are necessary for the court or jury intelligently to pass on the case, and without these facts we are unable to say that the circuit judge should have sustained

the verdict of the jury or entered a judgment establishing the passway.

The court gave the following instructions: "(1) The court instructs the jury that if they believe from all the evidence that the passway mentioned in the proof over the lands of Thomas Vice and Mary Baird is necessary in order to enable the appellee, John P. Eden, to attend courts, elections, a mill, the county seat of this county, or his post office, they will find in favor of appellee, Eden, and say so in their verdict. (2) The court instructs the jury that if they believe from all the evidence that appellee, John P. Eden, already has a passway from his residence over his own land terminating in the Mt. Zion turnpike road, and that said passway is sufficient to enable him (Eden) to attend courts, elections, a mill, a warehouse, ferry, or his county seat and post office, then he is not entitled to have the proposed passway established, and the jury will find for the appellants Thomas Vice and Mary Baird. (3) The court instructs the jury that the appellee, Eden, is not entitled to a passway over the lands of appellants merely because it will be more convenient to him than the passway he now has, if he has any." The court refused the following instruction asked by appellee: "The court instructs the jury that if they believe from all the evidence that the passway mentioned in proof over the lands of Thomas Vice and Mary Baird is reasonably necessary in order to enable appellee, John P. Eden, to attend courts, elections, a mill, the county seat of this county, or his post office, they will find in favor of appellee, Eden, and so say in their verdict." Under the evidence the motion for a peremptory instruction to the jury to find for the defendants was properly overruled. We perceive no error in the instructions. The applicant is not entitled to the passway over the lands of the defendants for his mere

convenience. He can only have it established when necessary to enable him to get to the county seat, his voting place, and the like. Kentucky Statutes, sec. 4348. But the word "necessary" in the statute is not to be read as though the words were "absolutely necessary." The necessity contemplated by the statute is a practical necessity. If the applicant's outlet to the highway or his own ground, or the way he now has, does not afford him practical access to the highway, and can not be made to do so at a reasonable expense, then he is entitled to the establishment of the way in contest as a necessity. On another trial the court will modify instruction No. 3 so as to present this idea. The purpose of the statute is to secure the applicant access to the public highway, so as to enable him to discharge his duties as a citizen and be of service to the community. The way is also intended to enable the community to get to him. The court, therefore, properly refused to restrict appellee in the use of the passway to his attending courts, elections, etc. Sherman v. Buick 91 Am. Dec., 577, 19 Am. & Eng. Ency. Law (1st Ed.), 118.

The provision of section 4352, Kentucky Statutes, that the cost of the whole proceeding must be paid by the applicant, is to be read in connection with sections 895 and 4351, and refers to the cost of the whole proceeding in the county court. When an appeal is taken from that court to the circuit court, or from it to this court, the cost on the appeal is to be paid by the unsuccessful party as in other appeals in civil cases.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.