## Coyle v. Elliott.

(Decided November 19, 1920.)

### Appeal from Washington Circuit Court.

1. Easements—Private Passway.—A person is not entitled to a private passway over the lands of another as a mere matter of convenience.

2. Easements—Private Passway.—The necessity for the establish-ment of a private passway means a practical necessity and not one that is absolute.

3. Easements—Private Passway.—If an applicant's outlet to the high-way affords him practical access thereto, or can be made so at a reasonable expense, he is not entitled to the establishment of a private way over the lands of another as a necessity.

4. Trial—View of Premises by Jury.—It being discretionary with the court whether it will accompany a jury in its view of the premises, it is not error for the court to refuse to so accompany the jury.

5. Evidence—Photographs.—The failure to permit a photographer to testify and introduce photographs taken by him is not error where the jury has viewed the premises and where the witness was not offered until the conclusion of all the testimony.

6. Easements—Private Passway.—A petitioner whose farm fronts 2,000 feet along a public highway and who is seeking to establish a private passway over the lands of another to said highway must show exceptional facts to justify the conclusion that the necessity

therefore exists as contemplated by Kentucky Statutes, vol. 3, section 3779a-1.

W. C. McCHORD for appellant.

C. E. RANKIN and MARSHALL DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This proceeding was instituted by plaintiff (appellee) under Kentucky Statutes, vol. 3, section 3779a-1, for the purpose of acquiring a private passway over the land of defendant. Said section provides, in substance, that whenever it shall appear to a county court that it is necessary for a citizen to have a private passway over the land of another to enable him to attend court, elections, etc., that the court shall appoint commissioners who shall go upon the land and shall report whether the passway is necessary to the applicant for the purpose set forth.

Upon the filing of the petition commissioners were appointed and being of the opinion the passway was necessary they so reported, assessed the damages and fixed the route of the proposed road. A jury in the county court sustained the report of the commissioners but placed the damages at a greater sum than was allowed by the commissioners. An appeal was taken to the circuit court and upon trial the verdict was adverse to the claims of plaintiff.

For about nine years plaintiff has owned a tract of land consisting of about 120 acres bounded on the north by the land of D. Yankey and on the south by the 95 acre farm of defendant. The western portion of plaintiff's boundary fronts about 2,000 feet along the Deep Water turnpike, constructed twenty years ago. On the east is the Deep Water creek, the bed of which was formerly a county road. The immediate country is rough and hilly. Plaintiff's residence is located at a point not far from Deep Water creek, and near the extreme eastern portion of his place. There are other residences along said creek and plaintiff and these residents for a number of years have used and continue to use this creek as a roadway leading to the pike about three-quarters of a mile distant from plaintiff's farm. It is described as an ordinary creek road.

Between plaintiff's house and the pike is a ridge, running north and south, which, according to the testimony of a surveyor introduced by plaintiff, has an elevation of

340 feet, though he used no instrument to ascertain this fact; while a surveyor introduced by defendant finds, through the use of proper instruments, that the hill is only 100 feet high.

There is a road from plaintiff's house to the pike. It is said to be rough and rocky; nothing has been done in recent years to improve it or keep it in repair. Plaintiff's residence and the pike at his gate are on practically the same elevation.

Three years ago plaintiff erected a barn about midway of his place and to the west of his residence, it is located on the ridge. To go from the residence to the barn it is necessary to ascend the same hill or ridge as would be the case going toward the pike—the barn however is not near the road. In addition to the two roadways above mentioned plaintiff had a third means of reaching the county seat, and the way frequently used by him. This was made possible through the permissive use of the property of a neighbor named Cocanougher, and a dirt road leading to the pike. Being dissatisfied with each of these three outlets plaintiff in the present suit is seeking to secure a passway over the land of defendant from a point southwest of his (plaintiff's) barn along the ridge to defendant's gate at the turnpike. This would cut off approximately three acres of defendant's land—land however that has not been cultivated for fifteen years. From the barn to defendant's gate the proposed way would be practically level, as it is on the same ridge. The proposed road if established would shorten the distance between plaintiff's residence and Springfield, the county seat, and all points to the south, as compared to the creek road or the route through Cocanougher's, but as to the road over the ridge there is no appreciable difference in their length. The way over defendant's land however would avoid the descent of the hill to the pike and a corresponding ascent to defendant's gate on the pike, the latter point being on about the same elevation as the top of the ridge and plaintiff's barn.

With the point that the verdict is not sustained by the evidence we cannot agree. One person is not entitled to a passway over the lands of another simply as a matter of convenience. On the other hand the necessity contemplated by statute is a practical necessity and not one that is absolute. If the applicant's outlet to the highway affords him practical access thereto, or can be made so at a reasonable expense, he is not entitled to the establish-

ment of the way as a necessity. The application of this rule to the facts of the present case would deny to plaintiff the requested relief for two reasons. First, disregarding entirely the creek road and the way through Cocanougher's, we are convinced that the road leading from plaintiff's residence to the pike furnishes him an ample outlet to the highway. True it is in a bad condition; any road will become so with inattention and failure to keep in repair. It is over a considerable hill—a grade of about ten per cent, but no greater than the climb to his barn, nor is it any steeper than the grade of other macadamized roads in that vicinity, nor as steep as many private and public roads in the state. Indeed, it is practically the same grade as the Deep Creek pike between plaintiff's gate and defendant's gate.

The distance from plaintiff's residence to the pike would be about the same whether the travel be over the present road or the proposed way. It is testified that the present road can be graded and macadamized at a nominal cost. Ample rock can be secured without much expense for the hauling. If the road can be used in its present condition by buggies, and as testified on one occasion by a threshing engine, it would seem that with little work and the expenditure of a comparatively small amount of money the road could be put in good, serviceable condition, indeed for but little more perhaps than the amount awarded by the jury to defendant for the damage sustained by him, not taking into consideration the additional cost of making and maintaining the road through defendant's place.

In the second place no good reason is shown why a road could not be built over plaintiff's own premises between his barn and the pike if he wishes to get a more direct route to the pike. This would be shorter and not so steep as the existing road, and certainly no longer than the proposed way. It is not denied that when the barn was being erected plaintiff expressed his intention of building a road over his own premises from the barn to the pike. That such a route is practicable is not seriously contested though it would not be as level as the proposed way. At any rate the record does not show that in plaintiff's boundary of two-fifths of a mile along the pike he can not secure a suitable and feasible outlet from his residence to the pike without going over the property of the adjoining landowner. The party claiming the right

must prove that the necessity exists since it is the necessity and not the mere convenience that gives the right. Furthermore a situation far different from that disclosed in this record must exist before the relief can be granted. The record would have to present exceptional facts to authorize an exercise of the right where a man can reach the highway through his own land. The necessity contemplated by the statute was not shown to exist and the verdict was not contrary to the evidence.

Complaint is made of the refusal of the presiding judge to accompany the jury in its view of the premises. It is discretionary with the court whether in a given state of case it is proper for a jury to view the premises (Civil Code, section 318) ; a like discretionary power vests in the presiding judge and it was not error for him to refuse to accompany the jury, though requested so to do.

The report of the commissioner was of no probative value and the court did not err in its refusal to permit plaintiff to read it to the jury.

At the conclusion of all the testimony plaintiff offered to introduce as a witness a photographer who had taken a number of photographs of the immediate and surrounding territory. The court's refusal to permit him to testify did not in anywise prejudice plaintiff because at the time this evidence was offered, and which should have been offered in chief, the jury had returned from their inspection of the premises and had presumably seen everything that could have been shown by the photographs and from a personal view had a far better understanding of the evidence and the surroundings than could have been obtained through the instrumentality of the photographs.

The instructions are also complained of, both those given and refused. We have examined these and are satisfied that the instructions given, while containing slight inaccuracies, substantially gave to the jury the law of the case. We find nothing prejudicial in them.

The views expressed find support in the cases of Vice, etc. v. Eden, 113 Ky. 255, 68 S. W. 125; L. & N. R. R. Co. v. Ward, 150 Ky. 42, 149, S. W. 1145; Fitzpatrick v. Warden, 157 Ky. 95, 162 S. W. 550, 21 R. C. L. 12; 1 Minor & Werks on Real Property, section 103.

The judgment is affirmed.