## Louisville & Nashville Railroad Company v. Geoghagan

(Decided May 13, 1924.)

### Appeal from Oldham Circuit Court.

1. Private Roads—Private Passway Condemned Only as Matter of Practical Necessity.—Ky. Stats., section 3779a-1, does not authorize opening of private passway across lands of another for mere convenience, but only as matter of practical necessity.

2. Easements—Conveyance of Right to Use Passway Over Lands Retained, Implied.—Where 11-acre tract was conveyed out of larger tract, and two-acre tract was conveyed out of 11-acre tract, and there ran across all three tracts an apparent and visible passway which had been used by both grantors for benefit of lands conveyed, there was an implied conveyance of right to use passway.

3. Private Roads—Practical Necessity Held Not to Exist for Opening Proposed Passway Over Railroad Right of Way.—Where landowner had implied right to pass over lands of others to public roads and these passways were not attended with any inconvenience except that they approached the rear of her residence, held, that there was no practical necessity for opening proposed passway across a railroad right of way under Ky. Stats., section 3779a-1, though distance of travel saved by new road would be about 400 feet.

4. Evidence—Judicially Known that Crossing Near Railroad Cut Dangerous.—A crossing over railroad track near 10-foot cut, rendering approaching trains invisible to those using crossing, is judicially known to be dangerous.

WOODWARD & WARFIELD and D. H. FRENCH for appellant.

CROWE & CROWE for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER— Reversing.

This appeal involves the question of the right of appellee, under section 3779a-1, Kentucky Statutes, to condemn a crossing over the right of way and tracks of the

appellant. The proceeding was instituted and prosecuted to a successful termination by appellee in the Oldham county court. An appeal was taken by appellant to the Oldham circuit court and there tried anew with the same result, except that appellant was awarded increased damages. This appeal has been prosecuted from the judgment of the Oldham circuit court and numerous reasons are advanced for its reversal.

The section of the statutes above limits the right of a person to have a private passway condemned over the land of another to instances in which it is *necessary* that he have such passway to enable him to attend courts, elections, etc. The word "necessary," as used in the statute, has been construed by this court in a number of cases.

In Coyle v. Elliott, 189 Ky. 570, 225 S. W. 489, we said:

> "One person is not entitled to a passway over the lands of another simply as a matter of convenience. On the other hand the necessity contemplated by statute is a practical necessity and not one that is absolute. If the applicant's outlet to the highway affords him practical access thereto, or can be made so at a reasonable expense, he is not entitled to the establishment of the way as a necessity."

In Williams v. Render, et al., 200 Ky. 789:

> "The necessity contemplated by the statute is a practical necessity."

Keeping in mind then that the statute as construed by this court does not authorize the opening of a private passway across the lands of another for mere convenience, but only as a matter of practical necessity, we will examine the evidence shown by the record in this case to ascertain and be able to determine whether appellee has established that a practical necessity exists for the proposed passway.

Appellee owns a two-acre tract of land adjoining and north of the right of way of appellant in Pewee Valley. This tract of land was sold and conveyed to her by her brother, Walter Briggs. It was carved from an eleven-acre tract of land owned by Briggs which had been purchased by him from and conveyed to him by Powhattan Woolridge. The eleven-acre tract likewise was carved from a much larger tract of land then and the re-

mainder of which is yet owned by Mr. Woolridge. From his residence and west of appellee's two-acre lot there is a passway leading to the main public road which runs through Pewee Valley and crosses the right of way and tracks of appellant.

From that passway there runs a road or passway through the tract of land as it was owned by Woolridge before he sold to Briggs that terminates in a public road to the east of the two-acre lot now owned by appellee, and this public road, running north and south, crosses the right of way and tracks of appellant. At the time the eleven-acre tract of land, across which the passway runs, was sold by Woolridge to Briggs, there was no grant to Briggs by the deed of the right to use this passway. The passway mentioned runs across and within fifty feet of the dwelling house on the two-acre tract of land now owned by appellee and it so ran at the time conveyance of same was made to her. However, in her deed no right was granted to her to use this passway. Appellee contends that as her deed did not convey to her the right to use the passway in going to the public road on either side of her property, although it traverses her lot, she has no right to use it except with the permission of her brother, Walter Briggs, and of her remote grantor, Powhattan Woolridge. There was no evidence that either ever objected to her using the passway. The evidence established beyond question—and there is no testimony to the contrary—that this passway, which runs within fifty feet of appellee's residence, was apparent and visible, with evidence of use and travel at the time Woolridge conveyed the eleven-acre tract of land to Briggs and at the time Briggs conveyed the two-acre tract of land to appellee. There was at the time of the conveyance by Woolridge to Briggs no other outlet from the land so conveyed to Briggs to the public road except over this passway. Nor was there at the time Briggs conveyed the two-acre tract of land to appellee any other outlet from it to the public road except over the passway mentioned. The proof established, without contradiction, that this passway had been established and was largely used for the benefit of the lands composing the eleven and two acre tracts.

It is contended by appellant that because of the facts above recited the appellee has the legal right to use the

passway mentioned and that same was impliedly conveyed to her along with her two acre tract of land.

In Stone v. Burkhead, 160 Ky. 47, 169 S. W. 489, on that subject, this court said:

> "The doctrine has been long recognized and applied, and is thus stated by Jones on Easements:
>
> " 'The rule is general that, where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part.'
>
> "This same doctrine has been recognized and applied by the courts of this state in many cases.
>
> "In the case of Irvine v. McCreary, 108 Ky. 495, this court approved the following quotations from Washburn on Easements:
>
> " 'It may be considered as settled in the United States that, on the conveyance of one of several parcels of land belonging to the same owner, there is an implied grant or reservation, as the case may be, of all apparent and continuous easements or incidents or property which have been created or used by him during the unity of possession, though they could then have had no legal existence apart from his general ownership.'
>
> "The same doctrine has been upheld in Lebus v. Boston, 107 Ky. 98; Daniels v. Baxter, 112 Ky. 334; Henry v. Koch, 80 Ky. 391; Burwell v. Hobson, 65 Am. Dec. 247."

We have been cited no authority nor have we been able to find any holding to the contrary. The evidence of the instant case establishes beyond question that when Powhattan Woolridge carved from his larger tract of land and conveyed to Walter Briggs eleven acres of same, there ran across the eleven acres from the portion of his larger tract retained by him an apparent and visible passway which at the time was being and for some time prior thereto had been used by the grantor for the benefit of that part of the land conveyed. Hence, we conclude that although not expressly mentioned in the deed of conveyance, there was by it an implied conveyance of the right to use the passway over the lands retained by Woolridge to the public road, for the benefit of

grantee, his heirs and assigns. Likewise we hold that when Walter Briggs conveyed the two-acre tract through which the passway ran, as there was then an apparent and visible passway across the lands retained by Briggs which had been used for the benefit of the portion sold, although the deed was silent about it, there was an implied grant to appellee of the right to use this passway over the lands of Briggs and Woolridge to the public road.

We find then that appellee has a passway leading from her two-acre tract of land in a westerly direction to the private crossing of Powhattan Woolridge across the track and right of way of appellant to the public road. The evidence discloses that the distance to the public road when traveled this way from appellee's home is only about 650 feet. Appellee also has a passway over the lands of her brother leading in an easterly direction connecting with a public road in a distance of about 650 feet. This public road in turn crosses the right of way and tracks of appellant to the west of appellee's home about 600 feet. There runs parallel with and just across appellant's right of way from appellee's two-acre lot the main county road leading through Pewee Valley. Appellee can reach this main county road over her passway traveling in a westerly direction in about 650 feet, and over her passway and another public road traveling in an easterly direction in a distance of about 1,200 feet. It would be 250 feet from her residence to the main county road if the passway she is seeking to have condemned should be opened for her.

These are the facts of the case and there is no evidence to the contrary. There is no evidence that appellee's use of the two passways above is attended with any inconvenience or difficulty except that it approaches the rear of her residence. Can it be said, under this state of facts, that any practical necessity exists for opening the proposed passway across appellant's right of way? The distance of travel saved to appellee by the new road would be only about 400 feet. It doubtless would be a convenience for appellee to have an outlet approaching the front rather than the rear of her residence. But the statute above does not authorize the taking of the lands of another as a mere matter of convenience. The evidence discloses—and there is none to the contrary—that to the west of the proposed crossing the tracks of appel-

lant run through a cut some ten feet deep, and that this would render approaching trains invisible to those using the proposed crossing until they are dangerously near to it. The proof establishes, and the court judicially knows, that such a crossing would be extremely dangerous, perhaps the source of much costly litigation and possibly the cause of much loss of life.

Under these facts, we are constrained to hold that appellee failed to establish a practical necessity for the establishment of the proposed crossing over appellant's tracks and right of way. The court below should have directed a verdict for appellant.

· For these reasons the judgment of the court below is reversed and this cause remanded for further proceedings consistent herewith.