# Peery et al. v. Hill.

(Decided Oct. 21, 1938.)

J. D. VIA for appellants.

H. T. SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

This is an appeal from a judgment of the Hickman. Circuit Court in a proceeding commenced pursuant to sec. 3779a-1 of the Kentucky Statutes to condemn a private passway across a narrow strip of land, about five feet across at its greatest width, owned by the appellant, Walter M. Peery, and lying between the public highway and the home of appellee, Lonnie A. Hill. Appellee's home stands on the north side of the Clinton and New Cypress Highway some little distance west of the village of Spring Hill. Appellant's farm is directly across. the road from appellee's. For many years an old road.

separated the two tracts, but recently the State Highway Department has constructed a new road, and instead of following the exact contour of the old roadbed, it has moved the right of way a few feet to the south. The result of this change has been to place the highway entirely within the limits of appellant's farm for almost its entire length and to leave a narrow wedge-shaped sliver of property, belonging to appellant, between the new highway and appellee's property. The proof indicates that this strip of land is not over five feet in width from the northern side of the new highway to the southern side of the old road at the widest point of separation between them. It narrows down to a point at the westward end of appellant's farm.

At the outset it may be noted that the record shows that this strip is of no practical value to appellant except as a means of obstructing his neighbor's access to the highway. At the point where a twenty-foot passway is sought across the strip it will be necessary to cross about five feet of appellant's land. Appellant was allowed twenty dollars, as damages, in the circuit court although based on a per-acre valuation of the property, the number of square feet actually taken is worth about six cents. Appellee does not present a much more favorable picture, for in the report of the commissioners and in the judgment of the County Court, by the simple process of running the passway along the road instead of at right angles to it, it was sought to allow him the entire strip, some two hundred and eighty-five feet in length, instead of merely giving him a passway twenty feet wide across the strip as contemplated in the statute. This situation was corrected in the judgment of the Circuit Court and no complaint is made of it here.

It is argued for the appellant (1) that to take one's property under section 3779a-1, it must be shown that the plaintiff has been unable to contract with the defendant for the purchase of the property, and (2) that the taking must appear to be an absolute necessity. Appellant relies on the case of Portland & G. Turnpike Company v. Bobb, 88 Ky. 226, 10 S. W. 794, 10 Ky. Law Rep. 796, to sustain the proposition that the petition must show that the plaintiff has been unable to contract with the defendant for the purchase of the property. However, that case arose under another statute, different in its terms from section 3779a-1 and expressly

requiring inability to contract as a condition precedent to condemnation proceedings. No such condition appears in the statute before us. We are not authorized to imply one.

A more serious question is presented by the argument on appellant's second point as to whether or not it here appears that the passway is a necessity within the meaning of the statute. The proof shows that it is possible, at great expense and at some hazard to users, to construct a passway almost a fifth of a mile long whereby appellee might reach the public highway over his own property. It further appears that the entrance of such a passway to the public highway would be at an acute angle dangerous alike to appellee and to traffic on the highway.

In Shake v. Frazier, 94 Ky. 143, 21 S. W. 583, 14 Ky. Law Rep. 798, the following extract from Mills on Eminent Domain (sec. 22) was quoted with approval:

> "The use to which property is condemned must be public. As between individuals, no necessity, however great; no emergency, however imminent; no improvement, however valuable; no refusal, however unneighborly; no obstinacy, however unreasonable; no offer of compensation, however extravagant, can compel or require a man to part with one inch of his estate."

There can be no doubt of the soundness of the rule that private property cannot be expropriated for a private purpose. It is the public interest and not the necessities of an individual which furnishes the justification for sec. 3779a-1. But it is in the public interest that a citizen should be accorded egress from his property for the purposes mentioned in the statute. We are thus confronted with the duty of determining when, under the terms of the statute, it may be said to be "necessary" that a passway be established. A criterion was established in the case of Vice v. Eden, 113 Ky. 255, 68 S. W. 125, 24 Ky. Law Rep. 132, wherein it was said [page 127]:

> "The applicant is not entitled to the passway over the lands of the defendants for his mere convenience. He can only have it established when necessary to enable him to get to the county seat, his

voting place, and the like. Kentucky Statutes, section 4348. But the word 'necessary' in the statute is not to be read as though the words were 'absolutely necessary.' The necessity contemplated by the statute is a practical necessity. If the applicant's outlet to the highway or his own ground, or the way he now has, does not afford him practical access to the highway, and cannot be made to do so at a reasonable expense, then he is entitled to the establishment of the way in contest as a necessity."

This case was followed and approved in Louisville & Nashville Railroad Company v. Ward, 150 Ky. 42, 149 S. W. 1145. In the final analysis, therefore we are faced with a question of fact rather than of law.

There is ample evidence for appellee to show the practical necessity of the passway here sought to be condemned. There is also a considerable amount of evidence to the contrary. But the commissioners appointed by the county court, a jury in the county court, and a jury in the circuit court, have all viewed the premises and have determined the question of necessity from a factual standpoint. Even though we are not free from doubt on the testimony contained in the record, we have not seen the property and we are not inclined to override the judgment of those who have. Particularly is this true where it so plainly appears that the property taken will do no appreciable damage to the landowner. This element was taken into consideration in Wray v. Bacon, 155 Ky. 757, 160 S. W. 488.

Unless we should overrule Vice v. Eden, supra, and cases following it, which we are not prepared to do, we must consider the necessity contemplated by the statute to be a practical necessity and not an absolute necessity. Thus measured, the evidence supports the judgment and the verdict. No other questions are presented.

Judgment affirmed.