## Cincinnati, N. O. & T. P. Ry. Co. v. Keith.

December 2, 1949.

Tye, Siler & Smith, J. J. Tye, Bradley & Bradley and Ben D. Smith for appellant.

Leonard S. Stephens for appellee.

CLAY, COMMISSIONER—Reversing.

Appellee brought this action in the McCreary County Court seeking a private passway over the defendant company's right-of-way in the immediate vicinity of Whitley City, an unincorporated community. This sort of condemnation is authorized by KRS 381.580, where it is "necessary" to enable a person to attend courts, elections, and other public places; or to have a private tram road for certain business purposes, including the marketing of products from a sand bank.

As provided by the statute, commissioners were appointed who found the proposed crossing necessary, and determined that appellee should pay a rental of $5 per year for the use of the easement. On exceptions to this report, a county court jury fixed damages at $600. On appeal to the Circuit Court, the jury awarded appellant $100 for the use of its land. On a new trial, the second jury found the same. Several grounds are urged for reversal, only one of which it appears necessary for us to decide. That presents the issue of whether or not appellee proved the necessity for this particular passway.

Appellant's right of way runs north and south, between appellee's small farm of three or four acres to the west, and Whitley City to the east. Appellee's house is a short distance from the railroad. It appears that he and others living in the neighborhood walk

across the railroad tracks to go into town. They arrive on one of its principal streets as soon as they cross the right-of-way. Appellee desires to have a roadway built over the tracks so that he may drive into town by this short cut.

For at least six years he has been using for vehicular travel a road which parallels appellant's right-of-way on the west and enters a main highway about 250 yards south of his home. On this highway he may then drive into town. Appellee's evidence indicates the private road is not in good repair, is not passable at certain times, and is difficult to travel. It is also shown that part of it goes through the property of a neighbor, and its use has been permissive. It does not appear the adjoining landowner intends to deprive him of its use.

Appellee testified that he had marketable sand on his land and suggested that he might possibly engage in the business of transporting and selling it in town. He has, however, laid no definite plans to enter into this business.

Doubtless the proposed railroad crossing would be extremely convenient to appellee. Our question, however, is whether or not it is *necessary* to enable him to go into town for the purposes prescribed by the statute. In order for him to reach public places, it is a very simple, easy, short trip on foot from his home across the railroad. The courthouse is but 800 feet away. No reason is shown why he must drive an automobile to these places.

If he in good faith intended to conduct a sand hauling business, the proposed easement might be necessary. However, we are not persuaded from his testimony that he has any definite plans for the operation and marketing of the product from his sand bank.

The statute under which this proceeding was brought is an exceptional one indeed. It authorizes a private person to condemn the property of his neighbor. Similar statutes in other states have been held unconstitutional. See Lewis, Eminent Domain, (3d Ed.), Vol. 1, Section 260. Its constitutionality could only be sustained on the ground that the public is interested in the landowner's functions as a citizen or as an economic

asset to the community. See Shake v. Frazier, 94 Ky. 143, 21 S. W. 583. The very nature of the statute requires courts to construe it strictly, and to allow the remedy provided only where there appears a public interest, and the necessity is clear and compelling. The latter need not be absolute, but must at least constitute a "practical necessity." See Peery et al. v. Hill, 275 Ky. 105, 120 S. W. 2d 762. If the public purposes specified in the statute may be accomplished in other ways than by the granting of this easement, no necessity, practical or otherwise, is shown.

It has been held that the permissive use of one passway over the land of another does not prevent the condemnation of a different passway under the statute. Black Mountain Corporation v. Appleman, 236 Ky. 510, 33 S. W. 2d 327. The evidence indicates appellee may have more than a permissive right to use the present means of ingress and egress to his property. Even if not, this circumstance does not create a right in the person seeking relief, but is only a factor in the determination of necessity. It does not relieve appellee of the burden to establish the necessity for the *particular passway* which he seeks.

Other factors of importance in this case must be considered. The roadway desired will impose one right of way on top of another which has priority because of a very vital public interest. It will require the construction and maintenance of a dangerous crossing on a double track line of appellant. It will create a hazard not only to users of the highway, but to passengers on railroad trains. Yet appellee failed to prove the creation of this crossing will do more than serve his convenience.

In view of all the facts, we conclude appellee did not show this particular roadway was a practical necessity for the accomplishment of any public purposes set forth in the statute. A directed verdict should have been given for appellant.

For the reasons stated, the judgment is reversed for proceedings consistent herewith.