### SLONE v. STURGILL et al.

Court of Appeals of Kentucky.

May 1, 1953.

Clark Pratt, Hindman, for appellant.

D. G. Boleyn, Hazard, for appellee.

DUNCAN, Justice.

This action was commenced in the Knott County Court to condemn a private passway over appellant's land pursuant to the provisions of KRS 381.580 to 381.630. The jury in the circuit court found necessity for the passway and awarded appellant $450 as the value of the land taken and incidental damage to the remainder. Appellant insists, as his sole ground for reversal, that the evidence does not sustain the finding of necessity.

The evidence discloses that appellant's land lies between appellees' land and the state highway. The appellees, who reside upon their land, must cross either the land of appellant or some other adjoining owner in reaching the highway. It is not insisted that appellees have any other passway as a matter of right, but it is argued that a more feasible route would be across the land of Sina Campbell, who is the mother of the appellee, Lamar Sturgill.

More than mere convenience must exist to support the establishment of a private passway but absolute necessity is not required. Peery v. Hill, 275 Ky. 105, 120 S.W.2d 762. The statute contemplates a practical necessity, which we think was shown in this case. The commissioners who viewed the premises reported that the passway was necessary. Their report and the evidence heard upon the trial fully support the verdict.

We note that counsel for appellees has failed to file a brief in this Court notwithstanding the fact that appellant's brief was filed on September 3, 1952. Had the record been large or the question close, we would have declined to assume the burden of meeting the arguments and contentions advanced by appellant without the assistance of appellees' brief. In a majority of the reported cases, appellate courts of other States have treated the failure of appellees' counsel to file a brief as the equivalent of a confession of error warranting reversal without considering the merits of the appeal. By calling attention to the fact, we hope to prevent similar derelictions in the future.

The judgment is affirmed.