### HENSON et al. v. WEBB et al.

Court of Appeals of Kentucky.
May 29, 1953.

Roy W. House, Manchester, for appellants.

John D. White and John M. Lyttle, Manchester, for appellees.

CAMMACK, Justice.

This action was instituted by the appellants, Homer Henson and Walter Harris, to condemn a 15½ foot passway through the land of the appellees, Jule and Edith Webb. The action was instituted under KRS 381.580 and KRS 381.630. The first section sets forth the conditions under which such an action may be maintained: The latter section provides that the right granted shall not be exclusive. The appellants had been using a 12 foot passway which ran around a hill and which was very difficult to maintain. The new passway sought by the appellants was shorter and much more convenient for them. It ran along a line fence.

The action was instituted in the county court. Commissioners were appointed and they recommended that the way be granted. In this connection it may be well to point out that we have held that a passway condemned, under KRS 381.580 is not one of absolute necessity, but rather of practical necessity. Coyle v. Elliott, 189 Ky. 569, 225 S.W. 489. The appellees excepted to the commissioners' report. On the trial of exceptions the county court overruled them and awarded the appellees $80 as damages. The appellees prosecuted an appeal to the Clay Circuit Court where a de novo trial was had. The Circuit Court appointed commissioners who recommended that the way be granted the appellants and that the appellees be awarded $60 for the land taken and $40 for fencing. The appellees filed exceptions to the commissioners' report in the Circuit Court.

Several witnesses were heard on each side. In general, the witnesses for the appellants testified that the way sought by them was one of practical necessity, while the witnesses for the appellees testified to the contrary. At the conclusion of the trial a directed verdict was given in favor of the appellees. Clearly, this was error. The case should have been submitted to the jury.

The judgment is reversed for proceedings consistent with this opinion.