E. D. HUDGENS et al., Appellants,

v.

Celso J. REGISTER et al., Appellees.

Court of Appeals of Kentucky.

Oct. 7, 1955.

Rehearing Denied Jan. 27, 1956.

Bell & Orr, Chas. R. Bell, Bowling Green, for appellants.

Marshall Funk, Bowling Green, for appellees.

CLAY, Commissioner.

This controversy involves the right of a private person to condemn a private passway over the land of his neighbor under KRS 381.580, and also the nature of the use to which the passway may be put. The two phases of the controversy arise out of two separate suits which have been consolidated on appeal and will be disposed of in this one opinion.

Appellees brought suit in the Warren County Court to condemn a private passway over the land of appellants as authorized by KRS 381.580. The petition set forth all of the grounds mentioned in the statute, but the proof developed that the only legally recognized justification for the passway would be for the purpose of marketing "merchantable forest timber".

Appellees' farm, consisting of approximately 80 acres, fronts on a public highway, and they have ample access to this highway from their residence and outbuildings on the lower part of it. A steep bluff, bisecting the farm, separates the lower tract from the upper tract. It was to gain access to and from the upper tract that the condemnation suit was brought.

On an appeal from a judgment of the Warren County Court. denying the right to condemn, the case was tried de novo in the circuit court. Upon being submitted to the jury it found that a practical necessity for this passway existed, and awarded appellants $400 as the value of the land taken, including damages to the remaining land. It is the contention of appellants, which we think sound, that the circuit court should have directed a verdict for them on the ground that a private passway over the land of appellants was not proven necessary for the purposes prescribed in the statute.

As we have before intimated, the only statutory purpose of this condemnation was to permit the marketing of merchantable forest timber. The principal appellee's own testimony established clearly that the merchantable timber on the upper tract was so insignificant as to negative any compelling need to market it, and further, his testimony showed that the real purpose of this condemnation was to acquire a passway for agricultural operations. Appellee testified that he had been offered $300 for the timber on the land and that it had been appraised at that figure. He further testified that some of it was too young to sell. He also suggested that he wished to haul it for his own use, not to send it to market.

It is evident from this party's testimony that he intended to use the upper tract for farming purposes, that the roadway he wished to acquire was to further such purposes, and that the transportation of timber over the condemned roadway would be speculative and incidental. He testified as follows:

"Q. Isn't your real purpose in attempting to condemn the road that is across Hudgens' line to have that road for whatever use you may want to put it to, such as cultivating that land on top of the hill, or do anything you may want to do, such as cultivating your land or hauling your timber to the market? A. Yes, sir.

"Q. That is the true fact about it, you want to use it for any and all purposes, taking your cattle and letting them come and go, and by taking your farm implements to cultivate the land on top of the hill and harvest your

crops, and then take them to market—in other words, you are seeking to condemn this road across Hudgens and you want to use that road for any and all purposes once you get it? A. Yes, sir."

■ The trial court properly determined that KRS 381.580 does not authorize the condemnation of a passway for agricultural purposes. Appellees have cross-appealed and asked reversal of this ruling, which we decline to do since the statute must be strictly construed. Cincinnati, N. O. & T. P. R. Co. v. Keith, 311 Ky. 627, 224 S.W.2d 942. From this record we are convinced that an unauthorized passway was the overriding, if not the only objective of this condemnation suit.

■ It has long been recognized as a part of the organic law of this state (as well as others) that private persons may not take or condemn the property of other persons for a private purpose. Shake v. Frazer, 94 Ky. 143, 21 S.W. 583; Chesapeake Stone Co. v. Moreland, 126 Ky. 656, 104 S.W. 762, 16 L.R.A.,N.S., 479. As quoted from Mills on Eminent Domain in the former case (21 S.W. at page 583):

" 'The use to which property is condemned must be public. As between individuals, no necessity, however great; no emergency, however imminent; no improvement, however valuable; no refusal, however unneighborly; no obstinacy, however unreasonable; no offer of compensation, however extravagent,—can compel or require a man to part with an inch of his estate.' "

■ The legislature by the enactment of KRS 381.580 has recognized a public interest in the use of another's property by a private person for certain specified purposes. This statute has been held constitutional, but the court may always pass upon the question of whether or not a proposed condemnation is actually for a public purpose within the scope of the statute. Fitzpatrick v. Warden, 157 Ky. 95, 162 S.W. 550. In that case it was specifically held that the statute did not authorize the condemnation of a passway to enable a land owner to market his farm products. As we have before discussed, that was the real purpose of these condemnation proceedings.

■ While the marketing of merchantable forest timber is within the scope of KRS 381.580, we have recognized that the statute must be construed strictly, and the practical necessity for the private passway must be clear and compelling. Cincinnati, N. O. & T. P. R. Co. v. Keith, 311 Ky. 627, 224 S.W.2d 942. In that case, although the land owner testified he had marketable sand on his property, we held that the proposed passway was not sufficiently necessary to authorize condemnation.

■ We can find no public interest in, nor necessity for, the marketing of $300 worth of timber. Appellees' own convenience, or the personal need of a private passway for general purposes, cannot create in them the right to take another's property. See Kessler v. City of Indianapolis, 199 Ind. 420, 157 N.E. 547, 53 A.L.R. 1. Viewing appellees' evidence in the most favorable light, the trial court should have directed a verdict for appellants in the condemnation suit.

While the appeal to this Court in the condemnation suit was pending, oil was discovered on the upper tract and the condemned passway was used by appellees in the development of this field. Appellants brought suit to enjoin the use of this passway for such a purpose, and the circuit court adjudged that the transportation of oil over the passway did not constitute an additional servitude. It is unnecessary for us to decide this question because we have determined that appellees had no right to condemn the passway in the first place.

■ Under the statute appellees may possibly have the right to condemn a private passway for the marketing of products of their oil wells, but in order to achieve this end they must proceed according to law. Apparently the Chancellor was of the opinion that his judgment in

the injunction suit would avoid a new condemnation proceeding which he considered unnecessary. We cannot approve of such a method of short circuiting appellants' rights. Their property may be taken only for a lawful purpose in a proper condemnation proceeding upon adequate proof of necessity.

In our opinion both judgments were erroneous and appellees have no present right to use a passway over appellants' land for any purpose.

The judgments are reversed for consistent proceedings.