Alvin HALL and Nora Hall, Appellants,

v.

Arnold COFFEY and Mary
Coffey, Appellees.

Court of Appeals of Kentucky.

Aug. 29, 1986.

As Modified Sept. 15, 1986.

James F. Clay, Sr., Danville, for appellants.

Edward P. Roark, Lancaster, for appellees.

Before COMBS, COOPER and MILLER, JJ.

COMBS, Judge.

This appeal is from a judgment of the Garrard Circuit Court, directing a verdict against appellants in their action to establish an easement by necessity across appellees' land.

Appellee Arnold Coffey owns a farm at the junction of Buckeye Road and Poor Ridge Pike in Garrard County, Kentucky. In 1974, Coffey purchased a landlocked sixteen-acre tract lying at the rear of his original farm. Coffey farmed his entire property, including the sixteen-acre tract, until 1976 when he sold the rear sixteen acres to appellants.

Coffey's deed to appellants did not make any provisions for an easement across his property. However, appellants testified that Coffey stated that it would be unnecessary to put the easement in the deed and that appellants could travel over his property to reach their land. In fact, appellants used Coffey's road for several years to reach their land, until he locked his gates and denied them access to their property.

Appellants brought this action to establish an easement by necessity across Coffey's lands, and to recover damages for his wrongful actions. At the close of appellant's evidence, the trial court directed a verdict in favor of appellees on the theory that appellants failed to show that an ease-

ment was necessary, that they waived the right to an easement, and that there was such a misunderstanding between the parties at the time of the conveyance so as to require appellants to reconvey the property to appellees in exchange for a return of the consideration paid.

■ Appellants argue that the trial court erred as a matter of law in failing to establish an easement by necessity across appellees' land. We agree. As a general rule, a landowner who conveys part of his estate "impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part." *Stone v. Burkhead*, 160 Ky. 47, 169 S.W. 489 (1914), quoting *Jones on Easements. See also Louisville & Nashville Railroad Company v. Geoghagan*, 203 Ky. 198, 261 S.W. 1104 (1924). More recently, *Carr v. Barnett*, Ky.App., 580 S.W.2d 237 (1979), expressed the law governing implied easements as follows:

> Among the circumstances which contribute to the inference that an easement was intended to be created is the need for an easement. If the need is very great, an inference will be drawn that an easement was intended to be created.
>
> . . . .
>
> Cases of land entirely shut off from access to a highway by land of others present a quite clear case of implication. So clear is the implication that it will be made even in favor of a grantor who has conveyed part of his land in such a way as to leave the remainder without access to a highway. *Id.* at 240, quoting 2 *American Law of Property* § 8.38 at 259 and 260 (A.J. Casner ed. 1952).

■ In the case at bar, Coffey's farm lies between appellants' sixteen acres and the public highways. Furthermore, there is no evidence that the property can be reached without crossing Coffey's land. We hold that the implied easement does not afford appellants' a mere convenience, but a necessary means of ingress and egress. *See Carr v. Barnett*, 580 S.W.2d at 240.

We also note that Coffey incorporated the sixteen acres into the rest of his farm, which borders on two different roads. The undisputed evidence shows that Coffey accessed the sixteen acres by travelling from the public highway across his farm on clearly visible roads. Since Coffey himself initiated the use of the access roads, appellants are Coffey's grantees, and the easement is entirely necessary to reach the sixteen acres, we conclude that the facts were so overwhelming as to require the trial judge to find that an easement by implication existed. *See Bob's Ready to Wear, Inc. v. Weaver*, Ky.App., 569 S.W.2d 715 (1978).

We are not impressed with appellees' argument that appellants somehow waived their right to an implied easement at the time they purchased the property. We know of no authority, and appellees have cited no authority, which provides for such waiver.

■ We are also not impressed with appellees' argument that appellants failed to show necessity because they could reach the sixteen acres by travelling across their son's land. In our opinion, appellants' access arrangements with a third party have nothing to do with their legal relationship to their grantor, appellees. We also note that appellants' son has sold his property leaving appellants completely without access to their farm.

Given our disposition of the easement issue, we instruct the lower court to conduct a new trial on the question of damages.

The judgment of the Garrard Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.