### Haffner, et al. v. Bittell, et al.

(Decided March 2, 1923.)

### Appeal from Daviess Circuit Court.

1. Easements—Necessity is Not Ground for Creation or Protection by Injunction.—Mere necessity for an easement in lands cannot afford ground for its creation and protection by injunction.

2. Easements—Title by Adverse Use is Good for all Purposes.—Title to a passway established by adverse use is as good for all purposes as any other title, and the owner of the servient estate has no better right to interfere with or obstruct it than another person.

3. Easements—Adverse Possession of Fenced Lane is Not Limited to Wagon Tracks.—Where the passway used adversely by plaintiffs and their predecessors in title for more than 30 years was a lane fenced on both sides, the easement extends to the fence line, and is not limited to the width of the wagon tracks or beaten path,

as would be the case if it were unfenced, so that there was no other method of determining the width adversely claimed.

W. T. ELLIS and WILBUR K. MILLER for appellants.

T. F. BIRKHEAD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is a passway case, and its width is really the only question involved, since its existence as an appurtenant to the lands of plaintiffs is established beyond any question of doubt.

For more than thirty years it has been used continuously by plaintiffs and their predecessors in title, as a means of ingress and egress to and from their farms, without any one questioning their right to do so. During all of that time, and probably much longer, it has been fenced on both sides, and is referred to in the evidence by witnesses on both sides as a lane. As thus fenced, it is partly on the lands of each property owner, and about eighteen feet in width. On defendants' side an old rail fence was supplanted by a post and wire fence some twenty years ago, constructed in the same place, and that fence having fallen into decay, the defendants, some four or five years before the institution of this action, removed the posts and wire at the point now in controversy, cleared out the old fence row and began plowing out in the lane to their property line. Just prior to the institution of this action they built a fence along their property line for a distance of 483 feet, which is from four to seven feet inside of the lane, or passway, as it had been marked theretofore by the fence on that side. This narrowed the lane along the new fence to an average width of about thirteen feet, and plaintiffs, now appellees, brought this action seeking a mandatory injunction commanding defendants to remove the new fence, and to enjoin them from interfering in any way with any part of the old lane, which they claim by prescriptive right and as a necessity. Their case rests, however, wholly upon prescription, since mere necessity for an easement in lands cannot afford grounds for its creation and protection by injunction. Hall v. McLeod, 2 Metc. 98; Godman v. Jones, 180 Ky. 217, 202 S. W. 662.

Along the rest of the passway where it adjoins defendants' farm, a distance of 1,535 feet, parts of the old fence were still standing, and there is no dispute of the location of the old fences along defendants' side of the lane

throughout its whole distance, for thirty years or more, in line with such parts thereof as still remain. The chancellor adjudged this line as the line of the passway on defendants' side, and granted plaintiffs the relief sought, and from that judgment the defendants have appealed.

That plaintiffs' prescriptive right and title to this passway as marked by the fences on either side had ripened long before defendants' effort to move their fence to their property line inside the lane, seems to us too clear to admit of argument.

It is settled law that title thus established to an easement by adverse use is as good for all purposes as any other, and that the owner of the servient estate has no better right to interfere with or obstruct same than another. As defendants' encroachment upon the passway, established by use and marked by fences on both sides for more than thirty years, have all been within the last four or five years, it would seem there is no ground whatever for their denial of plaintiffs' right thereto.

The only ground upon which they base their right to move their fence into the long established and marked passway is, that the marked and used roadway within the fences, rather than the fences, determine the limits of the passway. This contention, in our judgment, is manifestly without merit.

It is of course true that a prescriptive easement in the lands of another is founded wholly upon use as a matter of right for the statutory period, but the extent of such use under claim of right is not necessarily measured by wagon-tracks or beaten path. The extent of plaintiffs' use under claim of right in this case, for instance, was unquestionably marked by fences rather than wagontracks, and as thus defined was acquiesced in by all parties for much more than the statutory period.

Where, as is usually the case, the passway is not enclosed, the extent of the user is necessarily marked by wagon-tracks or beaten way, since there are no other evidences of continuous use under claim of right thereto, and there is no notice to the owner of the servient estate of either an adverse claim or use outside of the beaten path. But when, as here, the beaten path was enclosed by fences forming a lane, all parties were thereby notified that the use under claim of right thereto extended not only to the beaten path, but to the fences, and such use

having been allowed to continue as a matter of right for the statutory period, in our judgment the adverse claim to use the lane as a passway ripened into a right.

Judgment affirmed.