# Winkler v. Crowe et al.

March 25, 1949.

Shumate & Shumate for appellant.

S. H. Rice for appellees.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This suit was brought by appellant, Alvin Winkler, against appellees, Shelby (Shelton) Crowe, Zeke and Ida Grace, for trespass. The petition alleged that appellant is the owner of a twelve acre tract of land in Estill County described in the petition; that appellees have committed trespass thereon by walking across and operating vehicles over same thus preventing appellant from enjoying, and from proper cultivation of, said property which trespass was producing great injury and had damaged him in the sum of $50.00. It prays that appellees be perpetually enjoined from trespassing on said land and for damages in the sum of $50.00. Answer was filed denying the allegations of the petition. By amended answer appellees allege that they are owners of the adjacent tract known as the Crowe Farm which was conveyed to appellee Shelton Crowe by his father, John S. Crowe, in 1932, and had been owned for many years by John S. Crowe and his predecessors in title; that

the roadway, known as the Crowe Road, was used as an outlet from the Crowe Farm to Stacys Lane over appellant's farm and had been so used for more than fifteen years, in fact for more than forty years, by appellees and their predecessors in title and they prayed for the right to continue its use as a prescriptive right and prayed that appellant be enjoined from interfering with appellees' use of said road as a passway. A reply made up the issues.

Proof was taken by both sides and at the conclusion of the evidence a judgment was entered adjudging that appellees are entitled to a passway over the land of appellant by prescriptive right, said passway extending over what is known as Crowe Road from Stacys Lane to the Crowe Farm a distance of about 350 yards. This appeal is from that judgment.

Reversal is sought on two grounds—first, that the court erred in granting affirmative relief to appellees by adjudging a passway over appellant's land when there was no counterclaim demanding affirmative relief. In support of this ground he cites and relies on section 97(4) of the Civil Code, and Kelly v. Kelly, 298 Ky. 847, 183 S.W.2d 805. The section of the Code referred to provides that "a defendant shall not have judgment upon a set-off or counter-claim, unless the caption of the answer contain the words, answer and set-off, or the words, answer and counter-claim." In the Kelly case, supra, it was held that a counterclaim is regarded as an independent action and it is necessary that the pleading be styled as such to constitute a good counterclaim. However, it has been held in a long line of cases that if the answer is controverted by a reply and issue is joined, the plaintiff waives the right to object to the pleading. Sherrill v. Harlan Theatre Co., 256 Ky. 150, 75 S.W.2d 775, and cases therein cited. Since appellant did file a reply in the case at bar and joined issue, and proof was taken as though the answer had been denominated counterclaim, appellant waived the right to object to this technical defect. Affirmative relief could therefore be granted.

The second ground relied on for reversal is that the court erred in dismissing appellant's petition and in failing to grant him the relief sought. This point goes

to the merits of the case and the real question at issue, and that is whether or not the proof sustained the judgment of the lower court. Appellant admits that the evidence establishes that there has been a walkway, a bridle path or, to speak in the vernacular, a "hog path" through and over appellant's land and that a prescriptive right to its use as such by appellees is established by the proof. However, he contends that the proof only shows the use of this passway for vehicular traffic since about 1936, and that any prescriptive right which appellees may have acquired to the walkway or "hog path" could not have been enlarged into a passway for vehicular traffic without consent of appellant or his predecessors in title or by use as such for the required length of time. He cites and relies on Haffner v. Bittell, 198 Ky. 78, 248 S.W. 223.

However, we do not think it will be necessary to consider the legal question thus raised since it is our opinion that it is established by a clear preponderance of the evidence that the passway involved has been used for general purposes, including vehicular traffic, for considerably more than fifteen years, some witnesses placing its use as a general passway for as long as forty to fifty years. Appellant's proof that the passway has been used for vehicular traffic, only since about 1936, rests largely on the testimony of Dan McGeorge, who at one time was married to a member of the family of appellees, but has since been removed from that connection by divorce from his wife. The lower court, knowing the parties, may have considered this condition as affecting his credibility. Against his testimony is that of appellees, including appellee Shelton Crowe nearly seventy years of age, William Riddell, age eighty, William Camden, age seventy-five, Charles Dozier, age seventy-five, John Gabband, age seventy-four, and Jim Johnson, age forty-three, who testified that the passway in question, sometimes called the Crowe Road, had been in use as long as they could remember, some of them as long as sixty-five years, some of them giving recollections of its use for vehicular traffic, such as hauling ties in a wagon, for transporting a threshing machine, for hauling out ties, tanbark and wheat, and for hauling out the dead body of the father of appellee Shelton Crowe.

After a careful consideration of the entire record, we are of the opinion that the judgment of the chancellor in adjudging appellees a passway over the land of appellant was amply sustained by the evidence and that the judgment should be and it is affirmed.

Judgment affirmed.