KANNER, Chief Judge.
The chancellor entered a final decree permanently enjoining the appellant, Sunnybrook Groves, Inc., from obstructing or interfering with use by appellees of a certain dirt road providing access to their property. The conclusion of the trial court was that appellees, since they and their predecessors in title have used the subject road continuously for over thirty years, are entitled to the prescriptive right of its continued use.
The. grievance of the appellees, as plaintiffs in the court below, was that the dirt road leading from a public road to the south of appellant’s property is the only means of access for appellees in trav-elling to and from their property; that immediately west of this dirt road lies a citrus grove of appellant, whose employees had periodically obstructed and interfered with use of the dirt road by cutting it up with discs or by placing upon it debris and fruit boxes.
Appellant, in its appeal, questions the sufficiency of the evidence as to whether use of the road by appellees had been adverse or under claim of right and further attacks the chancellor’s decree as to his determination of the width and length of the prescriptive easement held to have been acquired by appellees.
The record reveals that the dirt road in question is the only access road to the appellees’ property, that it has been in use by them or members of their family who were their predecessors in title since 1922 or 1923, that appellant in 1950 acquired title to the grove property upon which this road mainly lies, and that interference with its use was first begun by appellant, since previous owners did not disc the road but only up to its border. Without further detail, it may here be stated that the exhibits and testimony clearly and positively support the chancellor’s ruling that appellees are entitled to a prescriptive right to continue using the subj ect road for travel to and from their property, since they have used it “continuously, uninterruptedly and adversely to any and all claims and rights of any and all persons whomsoever for more than thirty years last past.”
We turn, then, to the chancellor’s determination of the length and width of the prescriptive easement, as seen in his description of the subject road essentially as follows:
“ * * * which road is on the East 15 feet of the following described land of defendant in Polk County, Florida, to-wit:
“SE14 of SEJ4, less South 536 feet of West 517 feet, Section 34, Township 27 South, Range 23 East,
“which road runs North from a road on the South boundary of defendant’s said land for a distance of approximately 865 feet and then turns Northeasterly across the lands of the Plaintiffs located in Polk County, Florida, and described as follows:
“Begin at the N.W. corner of the SWJ4 of the SWJ4 of Section 35, Township 27 South, Range 23 East, and run South 660.0 feet, thence East 660.0 feet, thence North 213.0 feet, thence East 193.3 feet more or less to West line of 5 acres tract in the N.E. corner of SWj4 of SWj4; thence North 447.0 feet to North line of SWj4 of SWJ4, thence West 853.3 feet, more or less to the point of beginning ; * * ■ * ”
*241 Only one surveyor testified in the trial, a witness for the appellees. From his testimony and from a survey map prepared by him it appears that the dirt road in question lies largely upon appellant’s land and that it varies in width up to about eleven and one half feet, at no point extending out of the east fourteen feet of appellant’s property except at the place where it curves out for a distance of twenty-one feet to encircle a camphor tree at the old Donovan homestead. As to the length of the road, it was shown that it branches out from Griffin Road to the south of appellant’s grove property and runs northward along the section line between sections 34 and 35, township 27 south, range 23 east, or along the east portion of a forty acre orange grove owned by appellant and on the other side along the west portion of an unimproved block of land, running thence up to and terminating upon the Donovan homestead property. The map prepared by the surveyor does not disclose the distance from Griffin Road to the point where the road here involved turns onto the property of appellees, nor does it disclose information by which the length of this road could be computed. Testimony of the surveyor was consistently that the point where the road turns onto the appellees’ property after encircling the camphor tree is about 825 feet from Griffin Road, except at one time when he said this distance is about 840 feet. Concededly, however, the testimony presents only an approximation of the length of the road as it is here involved. Other testimony is in accord that the road curves around the camphor tree in front of the old Donovan home and then turns onto the Donovan property.
It appears, then, that there are discrepancies between the description of the road as set forth in the chancellor’s decree and that presented through the record. This decree refers to the road as being on the east fifteen feet of appellant’s land; while the record shows it to encroach no more than fourteen feet except at the point where it encroaches as much as twenty-one feet around the camphor tree. The decree specifies the road length on appellant’s land as 865 feet; although the only testimony on this subject, that given by the surveyor, shows this distance to be about 825 feet or 840 feet from Griffin Road.
A prescriptive right of way cannot be acquired to pass over a tract of land generally but must be confined to a reasonably definite line or a specific way which has been in use as the right of way; so generally speaking, the adverse use must have been over a uniform route having termini. Downing v. Bird, Fla.1958, 100 So.2d 57; and 17A Am.Jur., Easements, section 79, pp. 692-693. Also, under the subject of Easements and Licenses, 11 Fla Jur., section 33, p. 257, contains the statement that the width of a prescriptive way is “no doubt limited to the extent of the actual user.” See also 28 C.J.S. Easements § 74, p. 751, § 77c, p. 758, and § 89, pp. 768-769; and 17A Am.Jur., Easements, section 127, p. 736.
A general statement concerning description and location of a right of way is given in 28 C.J.S. Easements § 113b, pp. 819-820:
“Except where there is no dispute as to its limits, the right of way involved should be definitely described in the judgment, at least so that its location, with the aid of such description could readily be located; and the width of the way should be made clear. So, where the location of a way was not fixed by the grant, and the parties are unable to agree on a location, the decree in a suit to enjoin obstruction of the way should affirmatively and specifically establish the route. A fortiori a judgment cannot be sustained where the description of the way is not only uncertain but a clear departure from the description of the way as outlined in the complaint; but in some jurisdic *242 tions it has been held that the way need not be specifically described in the judgment.”
In view of the authorities here ■cited, although we affirm the chancellor’s decree according prescriptive easement rights to appellees and precluding obstruction or interference by the appellant, we also hold that appellant has the right to a definite location of the road. A prescriptive easement being limited to the actual length and width of the road used through the years, the chancellor should describe the road with greater particularity in conformity to this principle. Further, the chancellor is instructed, if necessary, to entertain additional testimony for the purpose of fixing the easement’s terminal point at the place where the road enters the appellees’ property and to issue a decree in conformity to the views expressed in this opinion.
Affirmed in part and reversed m part.
ALLEN and SHANNON, JL, concur.