522 P.2d 762

Theodore KRENCICKI and Alice Krencicki, his wife; Frank E. Beghtel and Ruby M. Beghtel, his wife, Appellants,

v.

Frank W. PETERSEN and Oma B. Petersen, his wife, Appellees.

No. 1 CA–CIV 2369.

Court of Appeals of Arizona,
Division 1,
Department A.

May 21, 1974.

Rehearing Denied July 24, 1974.

Review Denied Sept. 19, 1974.

---

David W. Adler, Phoenix, for appellants.

Byrne & Ellsworth, by David S. Ellsworth, Yuma, for appellees.

## OPINION

DONOFRIO, Presiding Judge.

Theodore Krencicki and his wife, Alice Krencicki, plaintiffs-appellants, appeal from the judgment of the trial court granting them an easement by prescription over the north half of the road located on the half-acre property of defendants-appellees,

and the refusal to grant such an easement over the south half of the road which was situated on appellees' trailer court proper-ty. The following diagram, which is not to exact scale, is included to better illustrate the nature of the dispute.

Appellants essentially argue that the trial court's findings No. 5 and No. 10 are clearly erroneous. Finding No. 5 states:

"That insofar as property in Section 28 is concerned, no private right-of-way in favor of plaintiffs by adverse use or otherwise has been established."

and finding No. 10 states:

"That a reasonable width for a private driveway under the circumstances shown in this case is sixteen (16) feet."

It is asserted by the appellants that all the evidence showed that in 1953 when appellees bought their trailer court located in Section 28 they fenced it on the north at a point no less than five and one-half to six feet south of the section line between Sections 21 and 28. Furthermore, for no less than the next sixteen years that fence remained at the same location while appellants and their predecessors in interest used the road. In December of 1970 appellees moved this fence approximately four and one-half to five feet to the north, and approximately one foot south of the section line. Appellants claim this movement was approximately fifteen feet to the north, and that this action disturbed their peaceable use of the road and was the precipitating cause of this lawsuit.

■ The crucial inquiry necessary for a correct analysis of this action is whether the trial court's findings that the road used by appellants and their predecessors in interest (the easement granted) extended only as far south as the section line is supported by the record. Appellees concede that the area available for a roadway extended to the south of the section line. This concession, however, does not preclude them from taking the position that no part of the area available was utilized as a roadway. They claim that appellants have failed in their proof to establish an open, notorious, uninterrupted, continuous use of the claimed easement south of the section line for a period in excess of ten years as specified in A.R.S. § 12–526. See Sparks v. Scottsdale Mortgage Corp., 1 Ariz.App. 8, 398 P.2d 916 (1965).

■ Appellees thus assert that although the fence in question was approximately five feet south of the location to which it was moved in 1970, there is support in the record to show that the use was limited to a narrow one-way road on the north side of the section line. Our review of this almost 600-page transcript reveals a great conflict in the testimony of many witnesses. We cannot say that the trial court erred in concluding that the roadway existed only approximately up to the section line. There is basis in the record for upholding such a determination. In addition, we do not feel that appellants have met the requisite standard of proof to be awarded an easement south of the section line. In LaRue v. Kosich, 66 Ariz. 299, 187 P.2d 642 (1947), our Supreme Court quoted with emphasis from Clarke v. Clarke (citation omitted):

" . . . The burden is upon the party who claims title by prescription to *clearly* prove by competent evidence all the elements essential to such title. The user must have been adverse to the true owner, and hostile to his title. It must have been actual, continued, open, and under claim of right . . . . " (emphasis ours) 66 Ariz. at 303, 187 P.2d at 645.

To support their claim for granting an easement up to the point where the original fence had been located, appellants have relied upon the case of Haffner v. Bittell, 198 Ky. 78, 248 S.W. 223 (1923) in which it was stated:

"It is of course true that a prescriptive easement in the lands of another is founded wholly upon use as a matter of right for the statutory period, but the extent of such use under claim of right is not necessarily measured by wagon tracks or beaten path. The extent of plaintiffs' use . . . was unquestionably marked by fences, rather than wagon tracks. . . ." 248 S.W. at 223.

■ We are unable to find any Arizona case which would support such a rule of law as advanced by appellants. Neither are we ready to apply such a rule, namely, that in easements by prescription of a roadway the easement extends to the fences which might be on either side of the beaten path rather than to the beaten path or actual part used for the roadway. 25 Am.Jur.2d, Easements, Sec. 39 states the general rule that easements by prescription are not favored because of the losses or forfeiture of rights inflicted upon others. Furthermore, to require a right-of-way by prescription, the user must generally be confined to one definite and certain line or path. 25 Am.Jur.2d, Easements & Licenses, Sec. 63. Supporting this view is Sunnybrook Groves, Inc. v. Hicks, Fla.App., 113 So.2d 239 at page 242 (1959) where it is stated:

"A prescriptive easement being limited to the actual length and width of the road used through the years, . . . ."

It is our position that the rule of law should be that where evidence is in conflict as to the prescriptive easement, the trial court is not bound by the position of fences in determining the size of the roadway existing between them. If evidence exists which establishes that a certain portion of the roadway was not utilized by those seeking the easement by prescription,

**4**

or which indicates the entire roadway may not have been traveled upon, then the trial court can in its discretion award that portion of the roadway which it has determined has clearly met the requirements of obtaining an easement by prescription.

We agree with the judgment of the trial court in its determination that the roadway utilized by the appellants during the prescriptive period extended south as far as the section line.

The matter is therefore affirmed.

JACOBSON, Chief Judge, Division I, and OGG, J., concur.