382 So.2d 414 (1980)
Roy PLATT, Appellant,
v.
Lillian PIETRAS et al., Appellees.
No. 78-2684/T4-333.
District Court of Appeal of Florida, Fifth District.
April 9, 1980.
*415 Ralph Geilich, of Williams & Geilich, Melbourne, for appellant.
S. Lindsey Holland, Jr., of Crofton, Holland, Starling, Harris & Severs, P.A., Melbourne, for appellees.
ORFINGER, Judge.
This was a class action brought by appellees to enjoin a continuing trespass over property owned by them, to require removal of a portion of a fence constructed by appellant and to assess damages. From a judgment for plaintiffs below, the defendant appeals. We affirm.
In 1950, appellant Platt became the owner of 1733 lots in a platted subdivision in Brevard County containing a total of 1840 lots. The remaining 107 lots were owned by the named plaintiffs and by other owners too numerous to name, so the action was prosecuted as a class action. Platt sold his 1733 lots in 1956, but later acquired a grazing lease thereon, and was the holder of such grazing lease when the present action was filed. The amended complaint alleged that Platt had constructed a fence which completely blocked the platted roads and streets, some of which had been in use though unpaved; that he blocked plaintiffs' access to their lots and that he allowed his cattle to trespass thereon. Platt affirmatively defended by claiming a prescriptive right to graze cattle on plaintiff's lots.
After a non-jury trial, the court found, as pertinent here, that the entire subdivision had been fenced by appellant and his predecessors in title and had been used for the grazing of cattle for more than twenty years; that appellant did not claim any title by adverse possession; that appellant has at no time ever claimed title to appellees' lots or to the streets shown on the subdivision plat; and that appellees have always paid their taxes on their lots. He concluded from the evidence:
"(i) That the defendant Platt has gained no prescriptive right to the continued use of Plaintiffs' lots; the use by the Defendant Platt for grazing purposes of Plaintiffs' lots has been over the entirety of the lots and not through any delineated or definable way, and no prescriptive right can be so broadly obtained; that a prescriptive right for grazing purposes over the entirety of Plaintiffs' lots would effectively preclude Plaintiffs from using said lots for agricultural or other purposes, *416 and would amount to a nearly complete taking of Plaintiffs' right to the use and enjoyment of their property;"
He then enjoined the continued trespass, required the removal of the fence from all places where it blocks platted streets leading to any of the appellees' lots, enjoined the grazing on those lots or the platted streets, and awarded damages to the appellees in the total amount of $3,075.80.
Appellant contends that the trial court erred in holding that a prescriptive easement must be over a delineated or definable way and could not be over appellees' entire property and further that the court erred in its determination of damages.
It is appellant's position that the court was in error when it applied the "right-of-way" rule to a general easement, that only cases involving a claim of prescriptive right-of-way require proof of a definite route and termini and the actual length and width of the road, Downing v. Bird, 100 So.2d 57 (Fla. 1958); Sunnybrook Groves, Inc. v. Hicks, 113 So.2d 239 (Fla.2d DCA 1959). True, those cases and others do impose those requirements on road right-of-way easements, but our agreement with appellant's interpretation of these cases does not solve the problem here. Perhaps the trial court should not have applied the right-of-way doctrine to the type of easement claimed here since while rights-of-way are easements, all easements are not rights-of-way. Still, this possibly erroneous application of a rule does not make the ultimate decision wrong.
An easement is always distinct from the right to occupy and enjoy the land itself. It gives no title to the land on which it is imposed and confers no right to participate in the profits arising therefrom. 25 Am.Jur.2d, Easements, § 2. It is not an estate in land; it is an incorporeal hereditament, Downing v. Bird, supra. It is not a possessory interest or an interest which can become possessory. Thompson on Real Property, Vol. I, § 321. In this light, it becomes necessary to distinguish between prescription and adverse possession, which unfortunately have been referred to interchangeably in the past. Our Supreme Court pointed out the similarities and differences between the two concepts in Downing v. Bird, supra, and another good distinction was made in Florida Power Corporation v. McNeely, 125 So.2d 311 (Fla.2d DCA 1960) where the court said:
Because of the position assumed by the power corporation, we shall at this juncture discuss distinctions which exist between adverse possession and prescription. The right acquired under adverse possession is title and such acquisition necessitates possession. In acquisition of a prescriptive right, the essential element is use of the privilege without actual possession. One who acquires title by adverse possession must have exclusive possession, while as to a prescriptive right the use may be in common with the owner or the public. Title acquired through the avenue of adverse possession is a corporeal right, while a right acquired through the prescriptive process is an incorporeal hereditament in land. Downing v. Bird, Fla. 1958, 100 So.2d 57; and J.C. Vereen & Sons v. Houser, 1936, 123 Fla. 641, 167 So. 45.
The record in this case clearly indicates complete possession of the subject property by appellant. He fenced it and excluded everyone else from its use. As the final judgment points out, appellant's claim would amount to a nearly complete taking. Complete dominion is inconsistent with a claim of easement. This is well stated by the Supreme Court of Arizona in Etz v. Mamerow, 72 Ariz. 228, 233 P.2d 442 (1951) as follows:
An allegation of exclusive possession is wholly inconsistent with the theory of establishing an easement. The right to possess, to use and to enjoy land upon which an easement is claimed remains in the owner of the fee except in so far as the exercise of such right is inconsistent with the purpose and character of the easement... . Thus it will be seen that an action to establish an easement does not involve possession or occupation of the land. It does not involve the enjoyment *417 of the premises except to the extent of the use claimed under the easement. It does not disturb the legal title of the premises except as it is limited by the character of the easement. It does not involve dominion over the premises except that which is necessary for the enjoyment of the use.
Thus, while appellant calls his claim a prescriptive easement, in reality he claims adverse possession, but concededly has not perfected adverse possession because he has never returned appellees' property for taxes nor paid the taxes thereon. Sec. 95.19, Fla. Stat. (1975).
The alleged easement claimed by appellant would be an easement in gross, i.e., an easement unconnected with nor for the benefit of any dominant estate. 25 Am.Jur.2d, Easements, § 12, p. 426. However, the grazing of cattle is more than an easement  it is a privilege plus a profit, the taking of forage  and generally characterized by the authorities as a profit a prendre.[1]
The Florida courts have not previously been called on to determine if, through prescription one may acquire a profit a prendre in gross. This question was addressed by the Supreme Court of Utah and answered in the negative in Deseret Livestock Co. v. Sharp, 123 Utah 353, 259 P.2d 607 (1953) where it held, in a factual situation much like the one here:
The fundamental issue in this case is: In the absence of statute, may a person through prescription acquire a profit a prendre in gross? While we reserve a general answer to the foregoing question, we think that under the facts of this case, the authorities are correct in stating that prescription will not establish such a right. In Gateward's Case, 6 Co.Rep. 59b, 77 Eng.Rep. 344, we find the initial announcement of the concept, the court reasoning that a profit allegedly acquired by custom without a dominant estate would create an interest in the land approximating a fee, the interest being transitory, altogether uncertain, in no way controlled by the needs of a dominant estate, and hence a right so unqualified cannot exist in the soil of a private landowner. [Citations omitted.] (at p. 610).
We concur with this holding and hold that under the facts here, a profit a prendre in gross could not be acquired by prescription because the appellant's claim, while characterized as an easement, is really complete possession, dominion and use of the appellees' property to the exclusion of the appellee and takes on the aspect of a fee. Since admittedly appellant has not perfected a claim of adverse possession, we need not decide if this claim could have been perfected under the traditional doctrine of adverse possession.
With respect to the damages awarded, they appear to be supported by competent, substantial evidence, and we will not substitute our judgment for that of the trial judge. The judgment is therefore
AFFIRMED.
DAUKSCH, C.J., and CROSS, J., concur.
NOTES
[1] 25 Am.Jur.2d, Easements, § 4, p. 417, defines it as follows: "A profit a prendre, also called `right of common,' is a right exercised by one person in the soil of another, accompanied with participation in the profits of the soil, or a right to take a part of the soil or produce of the land. It is therefore distinguishable from an easement, since one of the features of an easement is the absence of all right to participate in the profits of the soil charged with it. A profit a prendre is similar to an easement, however, in that it is an interest in land. It cannot be created by parol, but is created by grant, and may be either appurtenant to other land or in gross. If enjoyed by reason of holding certain other estate, it is regarded as appurtenant to that estate and may not be severed therefrom. On the other hand, if it belongs to an individual distinct from any ownership of other lands, it takes the character of an estate in the land itself and is assignable or inheritable.

Examples of rights of profit a prendre are the right to take timber, gravel, coal, or minerals generally, from the land of another; the right to graze sheep on the realty of another, and the right to fish or hunt on or over the land of another."