BERANEK, Judge.
This case involves a prescriptive easement granted as to one of two parcels of land in question. We reverse the grant of the easement as to Parcel One. Appellants fenced two parcels of land and placed animals on the land. The animals varied over the years from chickens and rabbits to horses. The nature of the use and length of time of each kind of use also changed over a period of approximately twenty years. The trial court found on conflicting evidence that appellants had used the land for animal husbandry for over twenty years and granted a prescriptive easement for animal husbandry purposes in perpetuity. The final judgment provides as follows:
3.That the aforesaid prescriptive easement for animal husbandry and attendant uses and purposes appurtinent [sic] to the above described real property, be and the same is hereby forever quieted and confirmed in Plaintiffs, RUTH E. WEIS and JOAN A. WEIS, their heirs, successors and assigns; and that Defendant HOVNANIAN FLORIDA, INC., a Florida corporation, its successor in interest, John B. Waddell, Trustee, and all persons claiming by, through, under or against them and all persons having or claiming any right, title or interest in or to the aforesaid easement be and they are hereby permanently restrained and enjoined from claiming adverse to, obstructing, destroying, disturbing, or interfering in any manner, directly or indirectly, with said easement or Plaintiffs’, their heirs’, successors’ and/or assigns’ use, possession and occupancy and right to use, possession and occupancy of said easement; and all claims, rights, titles, interests or equities of the Defendants, and all persons claiming by, through, under or against them since the filing of this action on July 24, 1973, be and they are forever cancelled and decreed to be null and void.
The court denied an easement as to another parcel claimed by the plaintiffs. We conclude that the reason for this denial was error but harmless under our ruling herein. The plaintiffs/appellants appeal the denial of the easement on Parcel Two, and the defendant cross appeals the grant of the easement as to Parcel One.
*260 The plaintiffs disavow any desire to acquire title to the property by adverse possession under Chapter 95, Florida Statutes (1981). Plaintiffs admit they did not plead or prove adverse possession and make no claim whatsoever under this theory. The plaintiffs’ sole position is that they acquired an exclusive prescriptive easement which should allow them to fence the property and to totally exclude the true owner from the property. We disagree. Platt v. Pietras, 382 So.2d 414 (Fla. 5th DCA 1980), is closely on point. Under the rationale of Platt, the easement here was improper because it amounts to exclusive use of the property. We conclude that plaintiffs were not entitled to a prescriptive easement for animal husbandry purposes which was so broad as to totally exclude any use by the true owner. Such rights are tantamount to title which can only be acquired through adverse possession which plaintiffs do not claim. The final judgment below as to Parcel One is thus reversed.
Are the plaintiffs entitled to some lesser easement? We are unable to answer because plaintiffs have not raised this question here or below. We cannot anticipate what questions may be presented next so we certainly cannot answer them now.
The matter is remanded for further proceedings in which the court may consider amended claims.
AFFIRMED in part, REVERSED in part and REMANDED.
DOWNEY, J., concurs.
GARRETT, EUGENE S., Associate Judge, dissents with opinion.