PETERSON, J.
We adopt the trial court’s findings of fact and conclusions of law as set forth below and, accordingly, affirm the final judgment.
FINAL JUDGMENT
POET ROBERT FROST in his poem “Mending Wall” closes with the phrase “GOOD FENCES MAKE GOOD NEIGHBORS”. The essence of this cause involves the placement of a fence between two neighbors and came on to be heard on June 8, 1998 with all the parties being present. Plaintiffs and Defendants Murphy were represented by counsel.
*1121 Defendants Klemens appeared pro se. Upon the evidence presented, the Court makes the following findings of fact:
1. The corporate Plaintiff DENCO is solely owned by Plaintiff Farish. The Plaintiffs are the record title holder of the real property adjoining the north and east portions of the property located in Sumter County, Florida and described on the attached Exhibit “A”. [1]
2. Prior to purchasing said property Plaintiff Farish rode over and viewed the subject property with then owner Herman Beville.[2] Plaintiff testified the property was fenced and that although he purchased the property by legal description he was purchasing the property within the fenced in area and the price was on a per acre basis. In other words he bought to the fence and did not intend to claim any property outside the fence line even if it was contained within the legal description on his deed.
3. Defendants are the record owners of the property described in Exhibit “A”.
4. In the late 1940’s Herman Beville, Plaintiffs’ predecessor in title erected a fence which separates the property described on Exhibit “A” from the remainder of the Defendants’ property in order to run cattle on the enclosed area. The enclosed area has been used primarily for keeping grazing cattle confined in the enclosed pasture and for ingress and egress to the property.
5. A survey was made of the property purchased by the Defendants.
6. On or about May 15, 1997, the Defendants Murphy, removed the “original” fence and replaced it with a new fence on the boundary line as described in their deed and in accordance with the survey. This fence lies just inside the Plaintiffs’ south and west border and adjoins Defendants Murphy.
7. On or about June 15, 1997, the Defendants Klemens removed the “original” fence and replaced it with a new fence lying on the north line of Section 30, Township 20, Range 23 East, which separates the Plaintiff Denco’s property from the Defendants Klemens. This new fence is along the boundary line of their property as described in their deed and in accordance with the survey.
8. The removal of the fence which heretofore encroached on Defendants’ properties and the replacement fence which is now situated on the property boundary involved a strip of land ranging in width from approximately 4.16 feet to 12.99 feet which continues on for a distance of 7.22 feet.[3] Thus, this [sic] constructed this prevents Plaintiffs from using that portion of defendants real property described on Exhibit “A” that they had used since their purchase from Herman Beville approximately eighteen (18) years ago.
9. It is Plaintiffs’ position that:
a. The evidence clearly shows that the Plaintiffs and their predecessors in title have made actual continuous use of the real continuous and uninterrupted use of the lands described on Exhibit “A” all for a period of in excess of twenty years.
b. The land described on Exhibit “A” entails a definite route with reasonably certain line and with end termini.
c. That their use of Defendants’ property has been either with actual knowledge of the Defendants and their predecessors in title, or so open, notorious and visible, that knowledge must be imputed to said owners that they have a prescriptive easement to continue to use the property described in Exhibit “A” for grazing and pasturing cattle and ingress and egress.
d. That while they and their predecessors have used the property exclusively, they have not completely precluded Defendants and their predecessors from the use of their land except to the extent that said use was inconsistent with Plaintiffs’ rights.
e. That Plaintiffs have used only so much of the land as was required for their cattle grazing.
*1122 f. That Plaintiffs have no objections to Defendants also using the property described in Exhibit “A” so long as it does not interfere with Plaintiffs’ grazing rights and rights of ingress and egress.
10. Defendants’ position is that under Florida law one can not acquire “pendre profits” in a prescriptive easement.
11. When the Court inquired of Plaintiffs counsel what possible use Defendants could make of the subject property if Plaintiffs held a prescriptive easement for grazing, Plaintiffs counsel responded, “Growing sod.” Common sense would dictate that trying to grow sod on a strip of land ranging in width from 4.16 feet to 12.99 feet that is 7.22 feet in length is absurd.
12. If Plaintiff, Mr. Farish thought he was buying only to the fence then it is clear that he never intended to claim anything less than fee simple title to all property lying within the confines of the fence. Certainly Plaintiff did not intend to claim only an easement or prescriptive easement for grazing or ingress and egress.
13. Plaintiffs initially filed a two count complaint, count one seeking to acquire title to the disputed property by adverse possession and count two seeking a declaratory judgement for prescriptive easement. Later, Plaintiffs filed an amended complaint seeking a prescriptive easement only.
14. Common sense dictates and it seems without question that when one party seeks to put up a fence between themselves and an adjoining property owner the fence is placed on the property line. Why would one property owner intentionally place his fence on his neighbor’s property? There is no evidence before the Court as to whether Herman Beville continued to own any adjoining property after he made the conveyance to Plaintiffs. When the fence was initially constructed the same property owner may have owned all properties now owned by both the Plaintiffs and Defendants. When one seeks to cross fence his property [he] rarely if ever [has] it surveyed. There is no evidence whether the “original fence” was intended as a boundary fence as opposed to a cross fence.
15. The Fifth District Court in Platt v. Pietras, 382 So.2d 414 (Fla. 5 th DCA 1980) states that the grazing of cattle is more than an easement, it is the taking of forage, and is properly classified as a “profit a prendre”.
16. The decision of the First District Court in Farley v. Hiers, 668 So.2d 248 (Fla. 1st DCA 1996) is not applicable to this case as that decision involved an easement over a well pump, and pumphouse, and that court specifically held that water unlike forage, was not a product of the soil, which holding dictated their decision to grant a prescriptive easement in that ease.
IT IS THEREUPON ORDERED AND ADJUDGED that the Plaintiffs have not acquired a prescriptive easement over the land described on the attached Exhibit “A”. It is FURTHER ORDERED AND ADJUDGED that Plaintiffs, Joseph D. Farish, Jr., and Denco, Inc., take nothing by this action, and that Defendants, Timothy W. Murphy and Dorothy M. Murphy, his wife, and Mike Klemens and Diane Klemens, his wife, recover their costs from Plaintiffs. This Court retains jurisdiction over this matter for the purposes of determining the costs thereof.
DONE AND ORDERED in Chambers, at Bushnell, Sumter County, Florida, this 8th day of July, 1998.
Hale R. Stancil, Circuit Judge
AFFIRMED.
GRIFFIN, C.J. and COBB, JJ., concur.

. Exhibit "A” is not included with this opinion.

. Herman Beville died in 1986.

.Actually, the length of the disputed property is much longer.